FILED - CLERK
U.S. DISTRICT COURT
05 JUN 27 PM 2: 53
TX EASTERN - BEAUMONT
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHON PATRICK DIMAS | § | |
| v. | § | CIVIL ACTION NO. 9:02cv206 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Chon Patrick Dimas, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Dimas was convicted of murder, receiving a sentence of 75 years in prison. The facts of the case were set out at length in the Magistrate Judge's Report and so will not be repeated here. Dimas raised six discrete bases for relief, contained in eight grounds set out in his petition. These grounds for relief are: (1) the evidence was insufficient to support the conviction; (2) he received ineffective assistance of counsel; (3) the trial court erred in admitting the evidence of the extraneous offense of the burglary of the house of neighbors named the Allemangs; (4) the State failed to prove the corpus delicti; (5) the State failed to prove manner and means as alleged in the indictment; and (6) the trial court erred in entering judgment because the jury did not make an affirmative finding of use of a deadly weapon.

The Magistrate Judge ordered the Respondent to answer Dimas' petition, and Dimas filed a response to the answer. After review of all of the pleadings in the case as well as the state

1

court records, the Magistrate Judge issued a Report on May 16, 2005, recommending that relief be granted. Dimas filed objections to the Report on May 25, 2005.

In his objections, Dimas focuses on three grounds for relief wherein he contends that the Magistrate Judge erred. First, Dimas argues that the evidence is legally and factually insufficient to establish that he caused the death of Joyce Worley. He states that the evidence offered at trial was all circumstantial and carried no incriminating weight. He says that he was never linked to the burglary of the neighbors' house and that the fact that he was seen at the place where Worley's body was later found does not show that he committed the crime. He complains that the Magistrate Judge failed to refer to testimony to the effect that the person who said that he saw Dimas at the scene could not have done so. Dimas argues that he was convicted on "mere suspicion" and that the state court's decision upholding his conviction was based on an unreasonable determination of the facts.

As the Magistrate Judge stated, in reviewing the sufficiency of the evidence in the context of habeas corpus proceedings challenging the judgment of a state court, the federal courts' review is limited to determining whether, based upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998), *citing* Jackson v. Virginia, 443 U.S. 307, 324 (1979). The court's review of the evidence is conducted in the light most favorable to the verdict. Selvage v. Lynaugh, 823 F.2d 845, 847 (5th Cir. 1987).

Although Dimas accurately says that the evidence against him is circumstantial, the Fifth Circuit has held that the fact that the evidence is circumstantial does not mean that it is insufficient or that it will not support a verdict. U.S. v. Ochoa, 609 F.2d 198, 203 (5th Cir. 1980). His argument discounting the witness testimony is foreclosed by the fact that the review of the evidence is done in the light most favorable to the verdict. When viewed in this light, the evidence at trial is sufficient to sustain the verdict.

2

Second, Dimas contends that he received ineffective assistance of counsel when his attorney, Joe Roth, did not interview a witness named Sandra Newsom. He attached an affidavit from Newsom attesting that Roth did not interview her.

However, as the Magistrate Judge observed, the state habeas court made a finding of fact that Roth did interview Newsom and concluded that she had no evidence which could benefit the defense. The factual findings of the state court are entitled to a presumption of correctness unless the petitioner rebuts that presumption with "clear and convincing evidence." 28 U.S.C. §2254(e)(1); Valdez v. Cockrell, 274 F.3d 941, 947 (5th Cir. 2001). The Magistrate Judge concluded that Newsom's bare statement that Roth did not interview her did not amount to "clear and convincing evidence," in light of the state court's finding and Roth's affidavit that he did interview her. Dimas argues that Newsom's affidavit represents "clear and convincing evidence," but this is simply not the case. His claim on this point is without merit.

Third, Dimas complains of the introduction of an extraneous offense in the guilt phase. The extraneous offense of which he complains in his objections was the burglary of the Allemang house. The evidence showed that scuff marks were found on the wall of the house which was similar to the tread on Dimas' shoes; Dimas had the physical build necessary to gain entrance to the home successfully via the window; nothing was taken except for the shotgun and ammunition, which shotgun was later found in the trunk of Joyce Worley's car; shells consistent with this gun was found near the burn pile where, the State maintained, Joyce's body was burned; and Dimas called the Allemangs the day after the break-in, speaking to them for the first time in three years, to inquire if they had lost a dog.

The Fifth Circuit has held that an extraneous offense may be admitted into evidence without violating the Due Process Clause if the State makes a strong showing that the defendant committed the offense and if the extraneous offense is rationally connected with the offense charged. Bagley v. Collins, 1 F.3d 378, 380 (5th Cir. 1993), *citing* Story v. Collins, 920 F.2d 1247, 1254 (5th Cir. 1992).

3

As the Magistrate Judge said, Story relies on Enriquez v. Procunier, 752 F.2d 111, 115 (5th Cir. 1984), *cert. denied* 471 U.S. 1126 (1985), which in turn relies on Hills v. Henderson, 529 U.S. 397, 400-01 (5th Cir.), *cert. denied* 429 U.S. 850 (1976). In Hills, the Fifth Circuit refused to adopt a *per se* rule concerning the improper introduction of other offenses, but stated that a balancing inquiry should be undertaken. Even though evidence of another offense had been improperly introduced in Hills, the Court held that

> [W]e cannot say that the improper admission of the evidence [of the extraneous offense] was so fundamentally unfair as to be a due process violation.

Hills, 529 F.2d at 401; *accord*, Bridge v. Lynaugh, 838 F.2d 770, 772 (5th Cir. 1988) (holding that an evidentiary error in a state trial justifies federal habeas corpus relief only if the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause; the challenged evidence must be a crucial, critical, or highly significant factor in the context of the entire trial).

Based on these holdings, the Magistrate Judge concluded that the evidence of the burglary was rationally related to the commission of the offense. One prosecution witness, Zunker, heard shots fired nearby and shortly thereafter saw the fire flare up. He saw Dimas tending the fire. Worley's personal effects were discovered nearby, and teeth identified as hers were recovered from the burn pile. Shotgun shells consistent with the Allemangs' stolen shotgun were found near the burn pile as well. The Magistrate Judge concluded that the State made a strong showing that Dimas committed the charged offense and that a rational jury could conclude beyond a reasonable doubt that Dimas stole the shotgun, killed Worley, burned her body, and hid the gun in her car. Thus, the Magistrate Judge said, Dimas failed to show error.

In addition, the Magistrate Judge stated, the state appellate court concluded that admission of the evidence of the burglary was proper because the State was seeking to admit this evidence, not merely to show the context of the murder, but to show such exceptions to Tex. R. Evid. 404(b) as intent, identity, preparation, and scheme. The state Court of Appeals concluded that a reasonable juror could have found beyond a reasonable doubt that Dimas had committed the burglary, and Dimas failed to show that the state court's adjudication of his claim resulted in a

decision which was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Moore v. Cockrell, 313 F.3d 880 at 881.

In his objections, Dimas says that the evidence surrounding the burglary "does not even cast suspicion" upon him, and that the state failed to make a "strong showing" that he committed this offense. He says that this evidence was crucial, critical, and significant in the context of the entire trial, and that the prejudicial error clearly affected his substantial rights.

Dimas is incorrect. A rational jury could choose to accept the State's theory, that Dimas stole the shotgun, killed Worley, burned her body, and hid the gun in her car, rather than the alternative theory that an unknown person, wearing shoes similar to Dimas', broke into the Allemang house, stole only a shotgun and ammunition despite the fact that there was jewelry laying on the dresser and stereos, televisions, and CD players in the living room, shot Joyce Worley, and somehow obtained access to Worley's car so as to hide the murder weapon in the trunk. Under this theory, Dimas happened to go outside and tend the burn pile (which was not on his property) on the very day that Joyce disappeared, and he also happened to call the Allemang house the day after the burglary to inquire about a dog he had supposedly found. Once again, the evidence is circumstantial; however, it is sufficient to satisfy the requirements that the State makes a strong showing that the defendant committed the offense and if the extraneous offense is rationally connected with the offense charged. Bagley, 1 F.3d at 380. Dimas' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Petitioner's memorandum in support thereof, the answer filed by the Respondent, Dimas' response to the answer, the state records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings and filings in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

5

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

SIGNED this ___16___ day of June, 2005.

_____
RON CLARK
UNITED STATES DISTRICT JUDGE